THE WILCOXON MANUFACTURING COMPANY *vs.* ATKINSON, administrator.

Where a bill was filed under the act of September 28, 1881, alleging that the defendant corporation had failed to pay a promissory note made by it, and payment of which had been demanded after maturity, and that the corporation was insolvent and proposed to contract more debts by issuing first mortgage bonds; and where these allegations were denied by the answer, and issue was made as to the validity and justice of the debt, and as to the insolvency of the corporation, and in respect to these questions the evidence was conflicting; there was no abuse of discretion in granting an injunction and appointing a receiver, especially where the representative and president of the company was so appointed.

December 21, 1886.

Injunction. Before Judge BOYNTON. Coweta County. At Chambers, October 19, 1886.

Reported in the decision.

P. H. BREWSTER; J. B. S. DAVIS, for plaintiff in error.

W. Y. ATKINSON; J. S. BIGBY; HUGH BUCHANAN, for defendant.

JACKSON, Chief Justice.

Atkinson, administrator, and Mrs. Edwards, administratrix of Edwards, brought a bill in equity against the Wilcoxon Manufacturing Company, praying for an injunction and receiver, in order to collect the assets of the company for the purpose of paying a debt due their intestate. An injunction restraining the company from further use of the assets thereof and placing them in the hands of a receiver, required to give bond and security to discharge his office, was granted by the chancellor; and error is assigned here on this interlocutory decree. The bill is brought mainly under the act of 1880-1881, p. 125, codified from §1349(a) to §3149(g) of the code, and comes within its provisions. The allegations are, that the corporation has failed to pay a promissory note made by it and payable to their intestate and over-due and payment demanded of it, and that the corporation is insolvent and proposes to contract more debts by issuing first mortgage bonds. These allegations are denied by the answer, and issue is made on the validity and justice of the debt and upon the insolvency of the corporation. Depositions *pro* and *con* were put in evidence, and the issues are strongly contested, and there is evidence enough to support the chancellor's discretion in granting the injunction and appointing the receiver, especially as the representative and president of the company is made the receiver.

The law is that " the chancellor, under such proceedings as are usual in equity, may grant injunctions and appoint receivers for the collection and preservation of the assets in the cases provided by this bill, and may at any time appoint a master and take all proper steps to bring the matter to a final hearing," etc. Code, §3149(b). " The

cases provided by this bill" embrace "any corporation not municipal" that "shall fail to pay at maturity any one or more matured debts," payment of which has been properly demanded of such debtor and "payment refused, and where the corporation shall be insolvent," and in such case, "it shall be in the power of a court of equity, under a creditor's bill, to which one or more of the creditors who have matured debts unpaid shall be necessary parties, to proceed to collect the assets," etc. (code, §3149(a)); and in that case, by virtue of §3149(b), the chancellor may grant injunctions and appoint receivers.

Such is his discretion conferred by this act, and the rule is settled in this court that this discretion, in all cases of application for injunctions and appointment of receivers, where the issues are matters of contested facts, this court will not interfere with the chancellor's discretion unless it is abused.    There is no abuse of that discretion here.

Judgment affirmed.